UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        CRIMINAL CASE NO. 06-20383

          Plaintiff,

v.                              HONORABLE PAUL V. GADOLA
                                  U.S. DISTRICT JUDGE

JODY DARNELL DAVENPORT,

          Defendant.

_____/

## ORDER

Defendant Jody Darnell Davenport is charged with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 30, 2006, Defendant moved this Court to suppress statements made following his allegedly illegal arrest. This Court held a hearing on the matter on October 18, 2006.

At the October 18, 2006 hearing, following initial arguments by each side, the parties stipulated to several key events that transpired on June 9, 2005, the date that Defendant was arrested. The Court then took the matter under advisement without hearing any witness testimony. Based on the events as stipulated by the parties, the following facts are not in dispute.

On June 9, 2005, police officers arrived at 2739 Sloan Street, Flint, Michigan, to execute a search warrant. When the officers arrived, there was no one present at the residence. The officers entered the house and waited inside the residence. Shortly thereafter, a vehicle containing two adults and several minor children pulled into the driveway. One of the adults was Defendant, Jody Darnell Davenport. Immediately following the arrival of the vehicle, police officers exited the

house and seized Defendant. The parties disagree as to the nature of this initial seizure. Defendant contends that this seizure constituted an arrest while the Government argues that Defendant was merely detained at that point. The Government does not dispute that following the officers execution of the search warrant and the discovery of contraband within the residence, Defendant was formally arrested.

Notwithstanding the disagreement regarding the nature of the initial seizure, both parties agree that after the initial seizure, Defendant was taken inside the residence where he was forced to remain while the home was searched. After the search turned up incriminating evidence, the police removed Defendant from the residence and transported him to the Genesee County Sheriff's Department. Once there, Defendant was read his Miranda rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant waived those rights and subsequently made incriminating statements to the officers. It is these incriminating statements that are the subject of Defendant's motion to suppress.

Defendant argues that his statements should be suppressed because they are the fruits of an illegal arrest. *See Northrop v. Trippett*, 265 F.3d 372, 377-78 (6th Cir.2001) (citing *Segura v. United States*, 468 U.S. 796, 804 (1984); *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392-93 (1920)). Defendant seeks to rely on *Brown v. Illinois*, 422 U.S. 590 (1975), and *Kaupp v. Texas*, 538 U.S. 626 (2003) to support the argument that when the police officers seized Defendant immediately upon his arrival at the 2739 Sloan Street residence, they effected an illegal arrest because that arrest was without probable cause or an arrest warrant.

The Government presents two arguments to support the admissibility of the incriminating

statements. Both arguments rely on the validity of the initial seizure of Defendant when he approached the 2739 Sloan Street residence. First, citing *Michigan v. Summers*, 452 U.S. 692 (1981), the Government argues that the search warrant, uncontested as to its validity, implicitly carried with it the authority to "detain" Defendant as he pulled up in the driveway. *See id.* at 705. Furthermore, according to the Government, under *Summers*, the search warrant permitted the officers to lead the detained Defendant into the home and to require him to remain in the house while the search was conducted. *Id.* The Government asserts that it was only after the search of the Sloan Street residence was completed, and after sufficient probable cause based on the discovered contraband was obtained, that Defendant was arrested and transported to the Sheriff's Department. Consequently, the Government maintains that under *Summers*, Defendant was lawfully detained, taken into the residence, arrested, transported to the Sheriff's department, and informed of his *Miranda* rights. Therefore, according to the Government's argument, nothing illegal transpired in the course of the events that would support the suppression of Defendant's free and voluntary statements.

Alternatively, the Government argues, that even if the initial seizure of Defendant was an arrest, the officers had probable cause to arrest him at that time. The Government argues that the officers had probable cause to arrest Defendant based on a controlled purchase of narcotics by a confidential informant from Defendant on an unspecified date in early June of 2005. The Government alleges that because the illegal transaction was observed by several surveillance officers, an arrest of Defendant as he arrived at the 2739 Sloan Street location was warranted and legal.

It is uncontested that the Fourth Amendment guarantees individuals the right to be secure in their persons and effects from unreasonable searches and seizures. U.S. Const. amend IV. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend IV. It is well established that an "arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). "For a police officer to have probable cause for arrest, there must be 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.' " *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979); citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002); *Klein v. Long*, 275 F.3d 544, 550 (6th Cir.2001); *Donovan v. Thames*, 105 F.3d 291, 298 (6th Cir. 1997)).

In the instant case, following opening arguments and upon the agreement of both parties, Defendant's motion was taken under advisement without any testimonial evidence. Because a determination of whether any arresting officer may have had knowledge that Defendant had committed a crime requires the testimony of one or more of the officers, this Court cannot now determine the substantive merit of this argument made by the Government. Accordingly, to the extent that the Government seeks to rely on the existence of probable cause to justify a warrantless arrest of Defendant, it will be allowed to present testimonial evidence in support of that argument at an evidentiary hearing. The Court now turns to examine the Government's argument that the

search warrant allowed the police to detain Defendant and to require him to enter and remain in the 2739 Sloan Street residence while it was being searched.

In support of this argument, the Government seeks to rely on *Michigan v. Summers*, 452 U.S. 692, 705 (1981). In *Summers*, the police officers sought to execute a valid search warrant to search a house for narcotics. As the officers were about to execute the search warrant, the officers encountered an individual leaving the targeted residence by way of the front porch steps. *Id.* at 693. Police officers, acting without an arrest warrant, stopped the defendant, requested his assistance in gaining entry to the residence, and detained him during the course of their search. *Id.* Following the discovery of contraband during the search, the defendant was arrested, searched, and charged with possession of narcotics. *Id.* at 693-94.

Confronting the question of whether the initial detention of the defendant, without probable cause or an arrest warrant, violated the defendant's constitutional right to be free of unreasonable seizures, the Court found that:

> some seizures admittedly covered by the Fourth Amendment constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause, so long as police have an articulable basis for suspecting criminal activity.

*Id.* at 699.

Considering the law enforcement interests that may be substantial enough to justify such a detention, the Court stated:

> Most obvious is the legitimate law enforcement interest in preventing flight in the event that incriminating evidence is found. Less obvious, but sometimes of greater importance, is the interest in minimizing the risk of harm to the officers. Finally, the orderly completion of the search may be facilitated if the occupants of the premises are present.

*Id.* at 702-03.

Although Defendant apparently seeks to provide evidence that he was not a resident of the 2739 Sloan Street address, examining a similar fact pattern, the Court of Appeals for the Sixth Circuit in *United States v. Fountain,* 2 F.3d 656 (6th Cir. 1993), *cert. denied*, 510 U.S. 1014 (1993), and *rev'd on other grounds*, 953 F. Supp. 836 (E.D. Mich. 1996), has extended *Summers* to allow detention of a non-resident occupant of a residence being searched when the officers' detention and search of the occupant were necessary to prevent the defendant's flight and for the safety of the agents performing the search. *Id.* at 663. Further extending *Summers*, in *United States v. Bohanon*, 225 F.3d 615 (6th Cir. 2000), the Court of Appeals found that where a defendant rapidly drove up the driveway of a suspected methamphetamine laboratory that was being searched, stopped the vehicle near the front porch of the residence, got out of the vehicle, and walked quickly toward the front door, officers were justified in detaining the defendant and asking him for identification. *Id.* at 617-18. In *Bohanon*, the Court found that because an officer "could reasonably infer that a customer or distributor would arrive on the premises" while the search was being undertaken based on the articulated facts, the officers had a reasonable suspicion that the defendant was involved in criminal activity. *Id.* at 617. Therefore, even though the defendant was not a resident or an occupant of the residence being searched, and even though defendant could not assist the police in the "orderly completion of the search" because he was not a resident or an occupant of the residence, *see Summers*, 452 U.S. at 703, given that the residence was one suspected of being involved in drug dealing and given the facts surrounding the defendant's arrival, substantial law enforcement interests justified the defendant's detention without a warrant *Bohanon, 225 F.3d* at

617.

Although the law, as set forth above, allows non-resident, non-occupant individuals that arrive at a residence that is the target of a search warrant to be detained while the search is being completed, the Court does not believe that the mere presence of a search warrant amounts to an unfettered blanket authorization to detain anyone the police may have a chance to encounter during their execution of the search warrant. In each of the cases extending the holding of *Michigan v. Summers*, the Sixth Circuit has carefully recognized the particular facts and circumstances that substantiate the legitimate law enforcement interests that support the warrantless seizure. *See Fountain*, 2 F.3d at 663 (Officers faced "a confined, unfamiliar environment that was likely to be dangerous."); *Bohanon*, 225 F.3d at 617 (Given defendant's intention to walk into house being searched, safety of officers and defendant was at risk.); *United States v. Ridge*, 329 F.3d 535, (6th Cir. 2003) (Officers who were searching a methamphetamine laboratory and received information that an armed third-party would soon be arriving at that location were justified in seizing the defendant without a warrant, when he arrived at the residence.).

In the instant case, because evidentiary testimony was not presented at the initial hearing on Defendant's motion, an articulable basis for the legitimate detention of Defendant pursuant to *Summers*, *Fountain*, and *Bohanon* has not yet been presented. Accordingly, because testimonial evidence and oral arguments could elucidate the officers' legitimate interests in Defendant's risk of flight, the risk of harm he presented to the officers, and whether Defendant could have, in any way, assisted in the orderly completion of the authorized search of the residence, the Court will set this matter for an evidentiary hearing.

**ACCORDINGLY**, **IT IS HEREBY ORDERED** that the parties shall appear and present any testimonial evidence relevant to Defendant's motion to suppress on **DECEMBER 14, 2006 AT 10:00 A.M.**

**SO ORDERED.**

Dated:  November 28, 2006                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 28, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Robert W. Haviland; Kenneth Scott                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                 .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (810) 341-7845

---