UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                            CRIMINAL CASE NO. 06-20383

               Plaintiff,

v.                                  HONORABLE PAUL V. GADOLA
                                        U.S. DISTRICT JUDGE

JODY DARNELL DAVENPORT,

               Defendant.
_____/

**ORDER**

**I. Introduction**

Now before the Court is Defendant's motion to suppress evidence, filed on August 30, 2006. The Court initially heard arguments on October 18, 2006, but declined to hear evidentiary testimony on that date. After issuing an order clarifying the law surrounding the matter on November 28, 2006, *see United States v. Davenport*, 2006 WL 3447347 (E.D. Mich. Nov. 28, 2006), the Court heard testimonial evidence on December 14, 2006. At that hearing, Terence Green, a Lieutenant with the Genesee County Sheriff's Department, Narcotics Unit, was the only witness presented. Lieutenant Green's testimony substantially mirrored the information contained in the affidavit used to support the uncontested search warrant for the 2739 Sloan Street residence. After a full consideration of all the arguments and evidence before it, the Court will deny Defendant's motion to suppress evidence.

**II. Factual Background**

The basic facts surrounding this matter are not in dispute. Officers possessing an undisputedly valid search warrant for 2739 Sloan Street, Flint, Michigan, arrived at the residence to execute the warrant. When the officers arrived, there was no one present. The officers entered

the house and waited inside the residence. Shortly thereafter, Defendant, another adult, and several minor children pulled into the driveway in a vehicle. Immediately following the arrival of the vehicle, police officers exited the house and seized Defendant. Defendant was taken inside while a search of the residence was conducted. A gun and illegal controlled substances were recovered during the search.

Following the discovery of the contraband, Defendant was taken to the Genesee County Sheriff's Department. Once there, Defendant was read his Miranda rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant waived those rights and subsequently made incriminating statements to the officers. It is these incriminating statements that are the subject of Defendant's motion to suppress.

Defendant asserts two alternative arguments. First, Defendant argues that the initial seizure in the driveway of the residence constituted an arrest and that the arrest was illegal because the Government did not have probable cause to arrest him nor did the Government possess a valid arrest warrant. Therefore, Defendant maintains, his jailhouse statements are inadmissible as fruits of an illegal arrest. *See Northrop v. Trippett*, 265 F.3d 372, 377-78 (6th Cir. 2001) (citing *Segura v. United States*, 468 U.S. 796, 804 (1984); *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392-93 (1920)).

Second, Defendant argues in the alternative, even if the Court finds that he was not formally arrested until after the discovery of the contraband inside the residence, that arrest was also illegal because the officers lacked probable cause to arrest him. He maintains that because the officers had already seized and reviewed his driver's license, and learned that 2739 Sloan Street was not the address listed as his residence, the discovery of contraband at 2739 Sloan Street was not a sufficient

connection to Defendant to support probable cause for an arrest.

### III. Analysis

This Court need not decide the exact nature of the initial seizure, nor decide exactly when Defendant was arrested because under either scenario presented, Defendant's arguments fail. The Court will assess each argument in turn.

Assuming *arguendo* that Defendant was arrested immediately upon his arrival at the residence, based upon testimonial evidence presented, this Court is unquestionably convinced that the police officers possessed the necessary probable cause to then arrest Defendant. Defendant had been observed on at least two other occasions, selling controlled substances to other individuals. *See* Aff. of Lt. Green, ¶¶ 7-20. Such observations clearly support probable cause to immediately arrest Defendant. Therefore, under this categorization of the initial seizure as an arrest, the Court finds that the officers lawfully arrested Defendant. Accordingly, Defendant's incriminating jailhouse statements, made following the legal arrest and subsequent Miranda warning, are admissible.

Alternatively, assuming *arguendo* that Defendant was arrested only after the discovery of the contraband inside the 2739 Sloan Street residence, the Court finds that the arrest was lawful and supported by probable cause for several reasons. First, as the Court stated in its earlier order, the Supreme Court case of *Michigan v. Summers*, 452 U.S. 692 (1981), and its Sixth Circuit progeny, more specifically, *United States v. Fountain*, 2 F.3d 656 (6th Cir. 1993), cert. denied, 510 U.S. 1014 (1993), and rev'd on other grounds, 953 F. Supp. 836 (E.D. Mich.1996); *United States v. Bohanon*, 225 F.3d 615 (6th Cir. 2000); and *United States v. Ridge*, 329 F.3d 535, (6th Cir. 2003), allow non-resident, non-occupant individuals that arrive at a residence that is the target of a search warrant

to be detained while the search is being completed. *Davenport*, 2006 WL 3447347, at * 3-4. Therefore, the initial seizure was legal and did not taint the later arrest or statements in any way. Second, as previously discussed, the police officers had sufficient probable cause to arrest Defendant immediately, based on their earlier observations of him selling narcotics. Choosing to merely detain Defendant in the driveway does not negate the probable cause that had already developed. The fact that the officers chose to arrest Defendant only after searching the residence and finding contraband is of no importance in this matter. Finally, Defendant's argument that there was an insufficient nexus between him and the contraband is entirely flawed. The officers were not required to secure a nexus between the contraband and Defendant because Defendant could have been arrested at any point during the encounter based on the previously developed probable cause. Even ignoring the probable cause that had previously developed, Defendant's nexus argument fails because it completely ignores the fact that the search of 2739 Sloan Street residence, regardless of the legal owner of the residence, was due entirely to Defendant's connection to that residence. The officers' only reason for obtaining the search warrant for that residence was because Defendant was repeatedly observed using that residence. When seeking the search warrant, Lt. Green stated that the officers believed Defendant resided at 2739 Sloan Street. Aff. of Lt. Green, ¶ 18. They had observed Defendant departing from that residence to make a controlled sale of narcotics, had frequently observed the vehicle in which Defendant was known to have traveled, parked at that address, and observed Defendant entering and exiting that residence on several separate occasions. Aff. of Lt. Green, ¶¶ 9, 11, 18-19. Based on that information, the search warrant was authorized to search for contraband at 2739 Sloan Street. Consequently, when the officers found contraband within the residence, there can be no doubt they had sufficient probable cause, based on that

discovery alone, to arrest Defendant. Therefore, there was no illegal arrest such that Defendant's later jailhouse statements would be inadmissible as the fruits of an illegal arrest.

Last, at the December 14, 2006 evidentiary hearing, Defense counsel attempted to raise an entirely new argument. Defendant now seeks to argue that before he gave his incriminating statements, he first invoked his right to counsel. If this was the case, without initiation of communication by Defendant following this invocation, officers would not have been allowed to further seek a waiver. *See Edwards v. Arizona*, 451 U.S. 477, 485 (1981). Although it raises an issue that is serious in nature, this argument is not properly before the Court. Defense counsel never raised the issue in any brief, never mentioned it during the October 18, 2006 evidentiary hearing, and failed to describe it in his opening arguments during the December 14, 2006 hearing. Defendant gave no justification for why this argument was not raised during any of the previous opportunities. The Court declines to develop or decide an issue not fully presented to it or opposing counsel.

### IV.  Conclusion

Accordingly, for all the foregoing reasons, Defendant's motion to suppress evidence [docket entry 9] is **DENIED**.

**SO ORDERED.**

Dated:   December 22, 2006                         s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on   December 22, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Robert W. Haviland; Kenneth M. Scott                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845